# United States Tax Court

T.C. Summary Opinion 2024-5

JUSTIN M. MADERIA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 15106-21S.                           Filed May 9, 2024.

————————

*Eugene B. Levin*, for petitioner.

*Hannah E. Miller* and *Mayer Y. Silber*, for respondent.

SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other Court, and this Opinion shall not be treated as precedent for any other case.

*Background*

Petitioner lived in Florida when the Petition was filed. At all times relevant he owned 50% of the stock of Lindy, Inc. (Lindy), a

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

corporation described in a First Stipulation of Facts[2] as a lobster broker business.

In a notice of deficiency dated April 20, 2021 (notice), respondent determined a deficiency in petitioner's 2018 federal income tax and a section 6662(a) accuracy-related penalty. According to the notice, during 2018 petitioner received but failed to report "qualified dividends" from Lindy (dividends). The issues for decision are whether (1) $192,745 of expenditures made by Lindy are properly treated as constructive dividends to petitioner and (2) petitioner is liable for a section 6662(a) accuracy-related penalty.

The evidence shows that respondent's revenue agent "[g]enerated [a] workpaper to calculate [the] constructive dividend adjustment" shown in the notice, and that workpaper is included in the record. The workpaper includes amounts paid for cell phone expenses, service station charges, a car leasing company, iTunes bills, credit card accounts, and various other items. Otherwise, respondent did not call a witness to describe what the revenue agent did, and petitioner did not call a witness to explain what, if anything, the revenue agent did wrong.

Lindy's Form 1120, U.S. Corporation Income Tax Return, is in evidence, but a simple review of that return, without more, does not reveal an obvious connection between items shown on that return and the constructive dividends here in dispute. Furthermore, we cannot divine from that document alone the extent of Lindy's earnings and profits with respect to those dividends. Otherwise, both parties have ignored the concept.

---

[2] Few facts have been stipulated. The First Stipulation of Facts and the First Supplemental Stipulation of Facts consist almost entirely of documents. Many of those documents, apparently intended by the parties to "speak for themselves," have little to say. Other than the Stipulations of Facts no evidence was offered by either party. No witnesses were called at trial, and no other documents were offered into evidence. Nevertheless, in opening statements and closing arguments, counsel for the parties relied upon facts not in evidence to support their respective positions. Those "facts" are ignored in this Opinion.

At trial respondent objected to the admission of stipulated Exhibits 9-P, 10-P, and 11-P. According to respondent, the information in the documents is not relevant. Ruling on respondent's objection was reserved at trial. After consideration of what little evidence we have, we find that the information in those Exhibits is probative to the imposition of the section 6662(a) accuracy-related penalty here in dispute. That being so, respondent's objections are overruled, and the documents will be received into evidence.

Petitioner's 2018 federal income tax return (return) was prepared by a paid income tax return preparer. The return shows petitioner's wage income from Lindy but shows no dividend income from Lindy. Petitioner's federal income tax returns were examined for years prior to the year in issue here, but it appears that any disputed income tax adjustments proposed for those years were resolved administratively.

*Discussion*

I.  *Constructive Dividends and Burden of Proof*

All things considered, the dispute between the parties with respect to the dividends is resolved by little more than the application of a fundamental procedural principle of federal income taxation to a fundamental substantive area of law of federal income taxation. Those principles are easily summarized in the following paragraphs.

Gross income includes all income from whatever source derived. I.R.C. § 61(a); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429 (1955). Section 61(a)(7) provides that gross income includes dividends. A dividend is a distribution from a corporation to a shareholder out of earnings and profits. I.R.C. § 316(a). A distribution to or on behalf of a shareholder by a corporation need not be formally declared as a dividend by the corporation in order for the distribution or payment to be treated as one. *See Truesdell v. Commissioner*, 89 T.C. 1280, 1295 (1987). If a corporation makes a noncompensatory payment on behalf of a shareholder without a business purpose or expectation of repayment, then that amount will constitute a constructive dividend to the shareholder to the extent of the corporation's earnings and profits. *Benjamin v. Commissioner*, 66 T.C. 1084, 1115 (1976), *aff'd*, 592 F.2d 1259 (5th Cir. 1979).

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

According to the notice, Lindy made expenditures totaling $192,745 that should be treated as constructive dividends to petitioner. That determination is presumptively correct. Petitioner has not pointed to any item included in that amount that should not be so treated. Nor has petitioner offered any evidence that Lindy's earnings and profits do not support treating the expenditures as dividends. *See Truesdell*, 89 T.C. at 1295–96. Instead, petitioner's challenge to the deficiency reduces

to a complaint regarding the competency of respondent's revenue agent and claimed irregularities in the examination process, matters not ordinarily considered in proceedings such as this one.[3] At best petitioner's position and argument might suggest that the determination made in the notice is arbitrary and capricious, which could affect the burden of proof and likely the outcome of the issues here in dispute. Even if so construed, however, petitioner's argument is no substitute for evidence.

It follows that respondent's adjustment with respect to the dividend income shown in the notice must be sustained, and we so hold.

II.    *Accuracy-Related Penalty*

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the portion of an underpayment of tax required to be shown on a return that is attributable to the taxpayer's (1) negligence or disregard of rules or regulations or (2) substantial understatement of income tax. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly. *See* I.R.C. § 6662(c); Treas. Reg. § 1.6662-3(b)(1). An understatement of income tax is a "substantial understatement" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. I.R.C. § 6662(d)(1)(A); Treas. Reg. § 1.6662-4(b).

The Commissioner bears the burden of production with respect to a penalty imposed under section 6662(a) and is required to present sufficient evidence demonstrating that the penalty is appropriate. *See* I.R.C. § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). This includes showing compliance with the procedural requirements of section 6751(b)(1). *See* I.R.C. § 7491(c); *Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016).

Section 6751(b) provides that no penalty shall be assessed unless "the initial determination of such assessment" was "personally approved (in writing) by the immediate supervisor of the individual making such

---

[3] Deficiency cases are reviewed de novo. Except in limited circumstances the Court does not look behind the notice of deficiency. *See Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327 (1974). In a deficiency case, the Court's "determination as to a [taxpayer's] tax liability must be based on the merits of the case and not on any previous record developed at the administrative level." *Id*. at 328.

determination." The record shows that the initial penalty determination for 2018 was made by respondent's revenue agent on October 13, 2020, and approved in writing by her immediate supervisor on the same day. Respondent has proven sufficient facts to satisfy the burden of production as to that requirement.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith with respect to that portion. I.R.C. § 6664(c)(1). In this case the deficiency, the underpayment of income tax, and the understatement of income tax are computed in the same manner and are equal. *See* I.R.C. §§ 6211(a), 6662(d)(2), 6664(a). The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Treas. Reg. § 1.6664-4(b)(1). Petitioner bears the burden of proving that he had reasonable cause and acted in good faith with respect to the underpayments. *See Higbee*, 116 T.C. at 449.

Given what evidence we have and taking into account petitioner's argument with respect to the examination of his federal income tax returns for prior periods, it would be reasonable to infer that the position taken on petitioner's return is consistent with positions taken on his federal income tax returns for prior periods. Although the treatment of similar issues for prior years plays no role in the substantive determination made above, the examination history should not be ignored for purposes of petitioner's good faith and reasonableness with respect to the position taken on his return and his challenge to the section 6662(a) penalty in this proceeding.

Considering petitioner's apparent consistent course of conduct with respect to positions taken on his federal income tax returns over a period of years and the results of the examinations of some for prior years, we find that petitioner acted reasonably and in good faith with respect to the underpayment of tax for 2018. That being so, he is not liable for a section 6662(a) penalty for that year.

To reflect the foregoing,

*Decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the section 6662(a) penalty.*